IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEAMFITTERS UNION, LOCAL 420<br>    WELFARE FUND,<br>STEAMFITTERS UNION, LOCAL 420<br>    PENSION FUND,<br>STEAMFITTERS UNION, LOCAL 420<br>    SUPPLEMENTAL RETIREMENT PLAN,<br>STEAMFITTERS UNION, LOCAL 420<br>    APPRENTICESHIP TRAINING FUND,<br>SCHOLARSHIP FUND OF STEAMFITTERS<br>    LOCAL UNION NO. 420, and<br>LOCAL UNION NO. 420 PIPING INDUSTRY<br>    POLITICAL AND EDUCATION FUND.<br>14420 Townsend Road<br>Philadelphia, PA 19154,<br><br>    and<br><br>MECHANICAL CONTRACTORS<br>ASSOCIATION OF EASTERN<br>PENNSYLVANIA, INC. INDUSTRY FUND<br>1601 Market Street, Suite 550<br>Philadelphia, PA 19103,<br><br>    and<br><br>LOCAL UNION NO. 420 OF THE UNITED<br>ASSOCIATION OF JOURNEYMEN AND<br>APPRENTICES OF THE PLUMBING AND<br>PIPEFITTING INDUSTRY OF THE<br>UNITED STATES AND CANADA<br>14420 Townsend Road<br>Philadelphia, PA 19154,<br><br>               Plaintiffs,<br>    v.<br><br>MEGRANT CORPORATION<br>86 Otis Street<br>West Babylon, NY 11704,<br><br>    and | CIVIL ACTION<br>NO. |

FARID MIRIAN  
c/o Megrant Corporation  
86 Otis Street  
West Babylon, NY 11704,  

    and  

JASMINE MIRIAN  
c/o Megrant Corporation  
86 Otis Street  
West Babylon, NY 11704,  

    Defendants.

# COMPLAINT

## INTRODUCTION

1. This is an action to collect delinquent employee benefit fund contributions from Defendant Megrant Corporation (hereinafter the "Company" or "Employer"), Farid Mirian, and Jasmine Mirian due pursuant to the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. § 1001 et seq., and the Labor Management Relations Act of 1947, as amended (hereinafter "LMRA"), 29 U.S.C. § 185.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to §502(a)(3)(B), (d)(1) and (f) and §4301(a)(1), (b) and (c) of ERISA, 29 U.S.C. §§1132 (a)(3)(B), (d)(1) and (f), and §1451(a)(1), (b) and (c), respectively, and §301(a) of the LMRA, 29 U.S.C. §185(a).

3. This Court is one of proper venue under ERISA §§502(e)(2) and 4301(d), 29 U.S.C. §§1132(e)(2) and 1451(d), respectively, because the all the Plaintiffs have offices in the Eastern District of Pennsylvania.

## PARTIES

4. At all times relevant hereto, Plaintiffs Steamfitters Local Union 420 Welfare Fund (hereinafter "Welfare Fund"), Steamfitters Local Union 420 Pension Fund (hereinafter "Pension Fund"), Steamfitters Local Union 420 Supplemental Retirement Plan (hereinafter "SRP"), Steamfitters Local Union 420 Apprenticeship Training Fund (hereinafter "Apprenticeship Fund"), and the Scholarship Fund of Steamfitters Local Union No. 420 (hereinafter "Scholarship Fund") are trust funds established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1), (2) and (3).

5. Plaintiff Local Union No. 420 Piping Industry Political and Education Fund (hereinafter "PIPE Fund") is an unincorporated association established pursuant to 2 U.S.C. § 431, *et. seq.* for the purpose of advancing the political interests of the members of the Union by lawfully influencing the selection, nomination, election, and/or appointment of individuals for political office.

6. Plaintiff Mechanical Contractors Association of Eastern Pennsylvania, Inc. Industry Fund (hereinafter "Industry Fund") is a fund established by the Mechanical Contractors Association of Eastern Pennsylvania, Inc. for the purpose of fostering and advancing the interests of mechanical contractors in Eastern Pennsylvania and the surrounding region.

7. Plaintiff Local Union No. 420 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of The United States and Canada (hereinafter the "Union") is an unincorporated association commonly referred to as a labor union, and is the exclusive representative for the purposes of collective bargaining of the employees of Defendant Company, who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§ 152(5), (6) and (7), 185(a), and 1002 (4), (11) and (12).

8. The Welfare Fund, Pension Fund, SRP, Apprenticeship Fund, Scholarship Fund (collectively, the "Funds"), the Industry Fund, and the PIPE Fund (collectively the "Associations"), and the Union all maintain their principal places of business and are administered from offices listed in the caption which are located in the Eastern District of Pennsylvania.

9. Defendant Company is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12).

10. Defendants Farid Mirian and Jasmine Mirian are and/or were at all relevant times the officers and owners of the Defendant Company.

11. On March 20, 2017, Defendant Jasmine Mirian executed a Project Labor Agreement (hereinafter the "PLA") on behalf of the Defendant Company, under which the Company agreed to comply with and be bound by the terms and conditions in the collective bargaining agreement between the Union and the Mechanical Contractors Association of Eastern Pennsylvania, Inc. effective between May 1, 2014 and April 30, 2017 (hereinafter the "CBA") for its work on the NYC MTA/Long Island Railroad Wantagh Station project (the "Project"). A true and correct copy of the PLA is attached hereto as Exhibit A. A true and correct copy of the CBA is attached hereto as Exhibit B.

4

12. Pursuant to the terms of the CBA, Defendant Company was obligated to:

(a) to make full and timely payments to the Funds and Associations and to deduct contributions from employees who authorize such deductions and to remit the deducted amounts to the Scholarship Fund, the PIPE Fund, and the Union;

(b) to file monthly remittance reports with the Funds listing all employees for whom contributions were due and the total number of hours each such employee worked during that month;

(c) to produce, upon request by the Funds, individually or jointly, all books and records deemed necessary to conduct an audit of the Defendant Company's records concerning its obligations to the Funds;

(d) to pay interest on any delinquent contributions at the rate established by the Trustees of the Funds; and

(e) to pay liquidated damages and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Company's failure to comply with its contractual obligations as described in subparagraphs (a), (b), (c), and (d).

Exhibit A, at Article IX.

13. Pursuant to the terms of the CBA, the remittance reports are due no later than the tenth working day in the month following the end of each reported calendar month. Exhibit A, at Article IX, Section 7.

## COUNT I
### Plaintiffs v. Megrant Corporation

14. The above paragraphs are incorporated herein by reference as though duly set forth at length.

15. In or around mid-June 2017, the Company was removed from the Project by the General Contractor.

16. Despite the CBA's requirements, during the period it worked on the project the Company failed and refused to submit any reports or make any of the required contributions to the Plaintiffs.

17. Based upon the pay stubs provided by employees, Plaintiffs have calculated that a total of $68,021.16 in principal contributions are due for the work performed by the Company's employees on the Project between March 20, 2017, and June 15, 2017. A true and correct copy of the Plaintiff's calculations of the principal liability is attached hereto as Exhibit C.

18. As of July 15, 2017, those delinquent amounts in paragraph 17 have accrued a total of $1,781.30 in interest. Exhibit C.

19. As of July 14, 2017, the delinquent amounts in paragraph 17 accrued a total of $13,002.98 in liquidated damages. Exhibit C.

20. Pursuant to the CBA, those principal delinquent amounts continue to accrue interest each month that the principal or any portion of the principal remains unpaid, and additional liquidated damages will accrue on the June 2017 contribution on August 14, 2017, after it becomes more than thirty days late. Exhibit A, at Article IX, Section 8.

21. The Defendant Company's conduct in failing to report and pay the amounts due breaches the terms of the collective bargaining agreement and 29 U.S.C. § 1145.

22. In addition to the unpaid delinquent principal, interest, and liquidated damages Defendant Company attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(2)(D).

23. The Company's books and financial records are the only method to review whether the pay stubs obtained by the Plaintiffs accurately reflect all of the amounts paid to covered employees.

24. The Company's financial books and records are in the exclusive control of the Company.

25. The potential hardships to the Company by an Order requiring the Company to grant the auditors access are outweighed by the Plaintiffs' interests in assuring that the Company has fulfilled its contractual and statutory obligations to the Plaintiffs.

26. There is no adequate remedy at law.

27. All conditions precedent to equitable relief have been satisfied.

WHEREFORE, Plaintiffs ask that the Court:

(1) Enter an order requiring the Company to provide the Funds' auditors access to all necessary information to complete a payroll audit of the period from March 20, 2017 through the present;

(2) Enter an order requiring the Company to schedule a time for the Plaintiffs' auditors to visit the Company premises to complete the audit no later than thirty (30) days following the date of entry of the order;

(3) Enter judgment in favor of the Plaintiffs and against the Defendant Company in the amount of $68,021.16 in for unpaid principal contributions for the reporting period of March 2017 through June 2017,

    plus any additional contributions identified by the audit, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(A);

(4) Enter judgment in favor of the Plaintiffs and against the Defendant Company for $1,781.30 in interest, plus such additional interest that accrues after July 15, 2017, and any additional interest on additional principal amounts identified by the audit, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(B);

(3) Enter judgment in favor of the Plaintiffs and against the Defendant Company for liquidated damages equal to the greater of: (a) the interest awarded in paragraphs (4) above, or (b) twenty percent of the principal delinquency set forth in paragraph (3), pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(C);

(4) Enter judgment in favor of the Plaintiffs and against the Defendant Company for attorneys' fees and costs pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(D), in an amount to be determined by the Court upon subsequent application by the Plaintiffs;

(6) Grant any other further relief the court finds just and proper.

## COUNT II
**Funds v. Farid Mirian and Jasmine Mirian**

28. The above paragraphs are incorporated herein by reference as though duly set forth at length.

29.     Article IV, Section 1(g) of the Pension Fund's Trust Agreement, as amended on January 17, 2008, Article IV, Section 1(g) of the Welfare Fund's Trust Agreement, as amended on January 17, 2008, Article IV, Section 1(g) of the SRP's Trust Agreement, as amended on January 17, 2008, Article IV, Section 1(f) of the Apprenticeship Fund's Trust Agreement, as amended on March 3, 2008, and Article X, Section F of the Scholarship Fund's Trust Agreement, as amended on March 3, 2008, (collectively, the "Trust Agreements") define Fund assets as follows:

> Fund Assets means: (1) such sums of money that have been or will be paid, or which are due and owing to the Fund by covered Employers as required by Collective Bargaining Agreements of Participation Agreements…

True and correct copies of the above-quoted pages from the Trust Agreements are attached hereto as Exhibit D.

30.     The Defendant Company is a "covered Employer" within the meaning of the Trust Agreements because it is a signatory to the CBA that requires it to contribute to the various Trust Funds.

31.     Defendants Farid Mirian and Jasmine Mirian are owners of the Defendant Company and thus were ultimately responsible for preparing, reviewing, authorizing payment, and submitting monthly reports and contributions to the Trust Funds. In that capacity, Defendants Farid Mirian and Jasmine Mirian exercised control over the disposition of monies that became plan assets immediately upon the monthly contribution due date.

32.     Defendants Farid Mirian and Jasmine Mirian each individually maintained both formal and practical authority to direct that proper contributions be paid to the Trust Funds at all times relevant hereto.

33. Defendants Farid Mirian and Jasmine Mirian each exercised authority and control over the management and disposition of the Trust Funds' assets.

34. As a result of exercising control and management over the Trust Funds' assets, Defendants Farid Mirian and Jasmine Mirian are fiduciaries under ERISA.

35. Under ERISA, a fiduciary is required to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries… for the exclusive purpose of… providing benefits to [them]." 29 U.S.C. §1104(a)(1).

36. A fiduciary who uses plan assets to satisfy other personal or business obligations breaches his/her fiduciary duty under ERISA.

37. Because Defendants Farid Mirian and Jasmine Mirian willfully and intentionally used the Trust Funds' plan assets contained within their personal accounts and the accounts of Defendant Company for purposes other than the exclusive purpose of providing benefits to the Trust Funds' participants and beneficiaries, Defendants Farid Mirian and Jasmine Mirian breached their fiduciary duty to the Trust Funds.

38. Under ERISA, "any person who is a fiduciary with respect to the plan who breaches any one of the responsibilities, obligations, or duties imposed upon fiduciaries" is personally liable "to make good to such plan any losses to the plan resulting from each such breach, and to restore the plan any profits of such fiduciary which have been made through the use of assets by the plan fiduciary[.]" 29 U.S.C. §1109(a).

39. Defendants Farid Mirian and Jasmine Mirian are jointly and severally liable with Defendant Company for the delinquent amounts due to the Trust Funds, as well as interest, liquidated damages, and attorneys' fees and costs thereupon.

WHEREFORE, Plaintiffs ask that the Court:

(1) Declare that Defendants Farid Mirian and Jasmine Mirian are fiduciaries of the Plaintiff Funds by virtue of their exercise of control of plan assets and that Defendants Farid Mirian and Jasmine Mirian are in breach of their fiduciary duties;

(2) Enter judgment in favor of the Plaintiff Funds and against the Defendants Farid Mirian and Jasmine Mirian, jointly and severally with the Defendant Company, for the principal, interest, and liquidated damages due to the Funds;

(3) Enter judgment in favor of the Plaintiff Funds and against the Defendants Farid Mirian and Jasmine Mirian, jointly and severally with the Defendant Company, for attorneys' fees and costs pursuant to the collective bargaining agreement and 29 U.S.C. §§1109(a) and 1132(g)(2)(D), in an amount to be determined by the Court upon subsequent application by the Plaintiffs; and

(4) Grant any other further relief the court finds just and proper.

CLEARY, JOSEM & TRIGIANI, LLP

BY: _____
WILLIAM T. JOSEM, ESQUIRE
JEREMY E. MEYER, ESQUIRE
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099

Dated: July 14, 2017