IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEAMFITTERS UNION, LOCAL 420 : | |
| WELFARE FUND, ET AL. : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 17-3182 |
| MEGRANT CORPORATION, ET AL. : | |

# MEMORANDUM

**SURRICK, J.**                                                                                          **NOVEMBER 30 , 2017**

Presently before the Court is Plaintiffs' Motion for Default Judgment. (ECF No. 6.) For the following reasons, the Motion will be granted.

**I.     BACKGROUND**

In this action, Plaintiffs include Local Union No. 420 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada (the "Union") and various trust funds.[1] Plaintiffs bring this action to collect delinquent employee benefit fund contributions from Defendant Megrant Corporation, and Megrant's owners and officers, Defendants Farid Mirian and Jasmine Mirian (the "Individual Defendants").

The Complaint alleges that the Union is the exclusive representative of all Megrant employees for purposes of collective bargaining. (Compl. ¶ 7, ECF No. 1.) On March 20, 2017, Jasmine Mirian executed a Project Labor Agreement ("PLA"), under which Megrant agreed to be bound by the collective bargaining agreement between the Union and the Mechanical

---

[1] In addition to the Union, Plaintiffs include Steamfitters Union Local No. 420 Welfare Fund, Steamfitters Union Local No. 420 Pension Fund, Steamfitters Union Local No. 420 Supplemental Retirement Plan, Steamfitters Union Local No. 420 Apprenticeship Training Fund, Local 420 Piping Industry Political and Education Fund, and the Mechanical Contractors Association of Eastern Pennsylvania, Inc. Industry Fund. Only five of those Defendants are ERISA Funds: The Welfare Fund, the Pension Fund, the Supplemental Retirement Plan, the Apprenticeship Fund, and the Scholarship Fund.

Contractors Association of Eastern Pennsylvania, Inc. (the "CBA") for Megrant's work on the NYC MTA/Long Island Railroad Wantagh Station Project. (*Id.* ¶ 11.) Under the CBA, Defendants were required to submit monthly reports to Plaintiffs documenting the hours worked and compensation paid to the employees working under the CBA. (*Id.* ¶ 12.) Defendants were also required to remit payment based on the hours worked and compensation paid on behalf of Megrant employees. (*Id.*) Between March 15, 2017 and June 6, 2017, Megrant employed Union members, but failed to submit any reports or contributions to the Plaintiffs due under the CBA. After Plaintiffs filed the Complaint, Defendants submitted remittance reports that showed a total of $67,479.68 in contributions that were due for work performed under the CBA. (Mot. Default ¶ 7, ECF No. 6.) Those delinquent payments have accrued interest and liquidated damages pursuant to the CBA and ERISA. (*Id.* ¶¶ 8-9.)

The Complaint was filed on July 17, 2017. Defendants were served with the Complaint on August 1, 2017. (ECF Nos. 2, 3, 4.) Defendants have failed to file an Answer, or otherwise plead or defend this action. On September 12, 2017, the Clerk of the Court entered default against Defendants. (ECF No. 5.) On September 28, 2017, Plaintiffs filed this Motion for Default Judgment. It has been two months and Defendants have not responded to the Motion for Default Judgment. Nor has any attorney entered an appearance on their behalf.

**II.      DISCUSSION**

To determine whether a default judgment is warranted, courts in this circuit weigh three factors: (1) prejudice to the plaintiff if default is denied; (2) whether the defendant's delay is due to culpable conduct; and (3) whether the defendant appears to have a litigable defense. *Chamberlain v. Giampapa*, 210 F.2d 154, 164 (3d Cir. 2000) (citation omitted). All the *Chamberlain* factors weigh in favor of entering default judgment here.

Plaintiff will be prejudiced if the default is denied. Plaintiffs will be required to make payments to its union members despite its inability to collect contributions from Megrant that are due under the CBA. *Nat'l Elec. Benefit Fund v. FJM Elec. Constr., LLC*, No. 13-3057, 2015 WL 6750726, at *2 (E.D. Pa. Nov. 5, 2015) (finding that plaintiff union would have been prejudiced if default judgment were denied because it was still required to make vested payments to participants even if the employer failed to make the required contributions).

In addition, Defendants' culpability is evident from the fact that they failed to make contributions or respond in any way to Plaintiffs' claims despite being put on notice. *See New Jersey Bldg. Laborers' Statewide Pension Fund & Trustees Thereof v. Belmont Contracting Corp.*, No. 13-507, 2014 WL 3731267, at *2 (D.N.J. July 25, 2014) (finding that the defendant "is culpable because it has been served with notice of this action, but has failed to properly participate").

Finally, Defendants do not appear to have a litigable defense. With respect to Megrant Corporation, Section 1145 of ERISA requires that "[e]very employer who is obligated to make contributions to a plan or under the terms of a collectively bargained agreement . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. In the event that an employer such as Megrant fails to make contributions in violation of the CBA, the Court may award:

> (A) the unpaid contributions;
> (B) interest on the unpaid contributions;
> (C) an amount equal to the greater of –
> > (i) interest on the unpaid contributions, or
> > (ii) liquidated damages . . . ;
> (D) reasonable attorneys' fees and costs of the action, to be paid by the defendant; and
> (E) such other legal or equitable relief as the court deems appropriate.

3

29 U.S.C. § 1132(g)(2). Here, Megrant failed to make contributions for work performed by Union members pursuant to the CBA from March 15, 2017 through June 6, 2017. As a result of this failure, Plaintiffs are entitled to damages as set forth in 29 U.S.C. § 1132(g)(2).

With respect to the Individual Defendants, Plaintiffs allege that they are jointly and severally liable for the delinquent contributions and for damages as a result of their breach of their fiduciary duties. Under ERISA, "[a]ny person who is a fiduciary with respect to a plan" is personally liable if they breach their fiduciary duties. 29 U.S.C. § 1109(a). For fiduciary liability to attach to individuals, we must determine: (1) whether contributions are "plan assets"; and (2) whether the individual exercises discretion in the management of the plan, or exercises authority or control over the plan assets. *Trustees of Nat. Elevator Indus. Pension, Health Benefit, Educ., Elevator Indus. Work Pres. Funds v. Century Elevator, Inc.*, No. 11-3792, 2011 WL 4807914, at *3 (E.D. Pa. Oct. 11, 2011); *see also* 29 U.S.C. § 1002(21)(A) (stating that a person is a fiduciary if he or she "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its asset."); *Srein v. Frankford Trust Co.*, 323 F.3d 214, 220-21 (3d Cir. 2003).

Here, the record supports a finding that the Individual Defendants are fiduciaries. The Trust documents that govern the ERISA funds define "plan assets" to mean "any monies that are due to the ERISA funds whether or not they have been paid over to the ERISA funds." (Mot. Default ¶ 10; *see also* Compl. ¶ 29.) The record also supports a finding that the Individual Defendants, who are owners and managers of Megrant, exercised control over the plan assets. Finally, the record supports a finding that the Individual Defendants breached their fiduciary duties by failing to timely remit contributions pursuant to the CBA. *Century Elevator*, 2011 WL

4807914, at *5 ("ERISA fiduciaries are responsible for the 'proper management, administration, and investment of [plan] assets, the maintenance of proper records, the disclosure of specific information, and the avoidance of conflicts of interest.'" (quoting *Mertes v. Hewitt Assocs.*, 508 U.S. 248, 252 (1993))).

The Individual Defendants are jointly and severally liable with the corporate Defendant, Megrant. The Individual Defendants are only jointly and severally liable for the portion of the delinquent contributions, including the interest and liquidated damages on those contributions, which relate specifically to the ERISA Funds.

Finally, the record before us, which includes no filings from any of the Defendants, does not reveal any litigable defenses. Accordingly, entering default judgment against Defendants is appropriate.

With regard to Plaintiffs' request for counsel fees and costs in the amount of $3,657.50, counsel obviously met and conferred with their clients, prepared an eleven-page Complaint with voluminous exhibits attached, filed the Complaint in this Court, made arrangements for service on Defendants, prepared and filed a Request for Entry of Default, and prepared and filed the Motion for Default Judgment with Exhibits, Memorandum of Law, and Proposed Order attached. Under the circumstances, the request for attorneys' fees and costs in the amount of $3,657.50 is clearly not unreasonable.

## III. CONCLUSION

For these reasons, Plaintiffs' Motion for Default Judgment will be granted. Judgment will be entered in favor of Plaintiffs and against Defendants Megrant Corporation, Farid Mirian, and Jasmine Mirian.

An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**